# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

|  |  |
|---|---|
| RESTEM, LLC | |
| *Plaintiff*, | |
| v. | **Case No. 1:25-cv-20229-DSL** |
| NEUVIAN LLC, JACOB MIGUEL, and SPENCER BOUHADIR, | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants, Neuvian LLC ("Neuvian"), Jacob Miguel, and Spencer Bouhadir (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), respectfully request this Court dismiss Plaintiff Restem, LLC's ("Restem") Complaint with prejudice for failure to state a claim upon which relief can be granted.

**Dated this April 2, 2025**

Respectfully submitted,

By: /s/ Alexander D. Brown
    Alexander D. Brown, Esq.
    Florida Bar No. 752665
    Darren J. Spielman, Esq.
    Florida Bar No. 10868
    **CONCEPT LAW GROUP, P.A.**
    6400 N Andrews Ave Ste 500
    Fort Lauderdale, Florida 33309
    (t):   754.300.1500;
    (f): 754.300.1501
    (e):   abrown@conceptlaw.com
           dspielman@conceptlaw.com

## TABLE OF CONTENTS

I.   FACTUAL BACKGROUND ................................................................. 6

II.  LEGAL STANDARD .................................................................... 7

III. PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR TRADE SECRET
     MISAPPROPRIATION ................................................................. 8

     A.   Plaintiff's Complaint fails to sufficiently describe the confidential
          information it alleges to be a 'trade secret.' ............................... 9

     B.   Plaintiff's Complaint fails to accompany its conclusory allegations
          made "upon information and belief" with sufficiently-plausible
          factual support. ......................................................... 12

     C.   Plaintiff's misappropriation claims are impermissible shotgun
          pleadings. ............................................................... 15

IV.  PLAINTIFF FAILS TO STATE A CLAIM FOR CORRECTION OF INVENTORSHIP ............... 18

V.   PLAINTIFF FAILS TO STATE A CLAIM FOR FALSE ADVERTISING ....................... 19

     A.   Plaintiff Fails to Identify the Allegedly False Advertisement ............... 20

     B.   Plaintiff Fails to Plead Sufficiently Plausible Facts to Show that
          Defendants' Allegedly False Advertisements Materially Affected a
          Customer's Purchasing Decision ........................................... 21

## <u>TABLE OF AUTHORITIES</u>

### <u>Cases</u>

*Am. Registry, LLC v. Hanaw*, No. 2:13-CV-352-FTM-29, 2013 WL 6332971
  at *3-4 (M.D. Fla. Dec. 5, 2013) ............................................ 12

*American Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283 (11th Cir. 2010) .................. 8

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ................................... 7, 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ......................... 7, 10

*BHRS Grp., LLC v. Brio Water Tech., Inc.*, 553 F. Supp. 3d
  793, 801 (C.D. Cal. 2021) ................................................. 21

*Compulife Software, Inc. v. Newman*, 959 F. 3d 1288, 1311 n.13
  (11th Cir. 2020) ......................................................... 9

*Crenshaw v. Lister*, 556 F. 3d 1283, 1292 (11th Cir. 2009) .................... 8

*Day v. Taylor*, 400 F. 3d 1272, 1276 (11th Cir. 2005) ........................ 8

*Decurtis LLC v. Carnival Corp.,* No. 20-22945-CIV, 2021
  WL 1968327 at *8 (S.D. Fla. Jan. 6, 2021) ................................. 12

*Diamond Resorts Int'l, Inc. v. Aaronson*, No. 617CV1394ORL37DCI,
  2018 WL 735627, at *2 (M.D. Fla. Jan. 26, 2018) ........................... 20

*Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797 F. 3d
  1248, 1278-79 (11th Cir. 2015) ........................................... 21

*DynCorp Int'l v. AAR Airlift Grp., Inc.*, 664 F. App'x 844, 848
  (11th Cir. 2016) ......................................................... 10

*Epson Am., Inc. v. Safe Space Scan Tech. LLC*, No. 24-CV-80583,
  2024 WL 4555880 at *4-5 (S.D. Fla. Sept. 13, 2024) ....................... 21

*Fin. Sec. Assurance., Inc. v. Stephens, Inc.*, 500 F. 3d 1276,
  1284 (11th Cir. 2007) .................................................... 8

*Frone v. JP Morgan Chase & Co*, 695 F. App'x 468, 472
  (11th Cir. 2017) ......................................................... 8

*Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196
  (11th Cir. 2018) ....................................................... 19, 21

3

*Illumina, Inc. v. Guardant Health, Inc.*, No. CV 22-334-GBW-CJB,
2023 WL 1407716 (D. Del. Jan. 31, 2023) ........................................................ 19

*Levenger Co. v. Feldman*, 516 F. Supp. 2d 1272, 1287
(S.D. Fla. 2007) ................................................................................................. 12

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572
U.S. 118, 140 (2014). ....................................................................................... 19

*Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.*,
No. 14-62216-CIV, 2015 WL 1526177 at *9 (S.D. Fla. Apr. 3, 2015).......................... 16, 18

*Lupin Atlantis Holdings SA v. Zeng*, No. 23-61621-CIV, 2024 WL
4491993 at *3 (S.D. Fla. Oct. 15, 2024) ............................................................. 9

*Purple Innovation, LLC v. Individuals, Corps., et. al.*, No.
1:24-CV-21362, 2024 WL 4652095 at *3 (S.D. Fla. Oct. 22, 2024) ...................................... 7

*Sentry Data Sys., Inc. v. CVS Health*, 361 F. Supp. 3d 1279,
1293 (S.D. Fla. 2018). ....................................................................................... 9

*Sinaltrainal v. Coca-Cola*, 578 F. 3d 1252, 1260 (11th Cir. 2009) ................................ 7

*Source One Fin. Servs., LLC v. Corpodian*, No. 0:23-CV-61794,
2024 WL 4441804 at *3 (S.D. Fla. Oct. 8, 2024). ............................................. 9, 13, 15

*Taxinet, Corp. v. Leon*, No. 16-24266-CIV, 2018 WL 3405243,
at *3 (S.D. Fla. July 12, 2018) .......................................................................... 10, 11

*VVIG, Inc. v. Alvarez*, No. 18-23109-CIV, 2019 WL 5063441
(S.D. Fla. Oct. 9, 2019).................................................................................... 9, 10, 12

*Wesley Fin. Grp., LLC v. Westgate Resorts, Ltd.*, 746 F. Supp. 3d
1342, 1351 (M.D. Fla. 2024) ............................................................................. 21

*Zike, LLC v. Catalfumo*, No. 12-80236-CIV, 2013 WL 12080225
at *7 (S.D. Fla. Feb. 22, 2013) .......................................................................... 15

**<u>Statutes</u>**

35 USC § 256.................................................................................................... 18

**<u>Rules</u>**

Fed. R. Civ. P. Rule 8 ................................................................................................ 7, 16, 17

Fed. R. Civ. P. Rule 11 ...................................................................................................... 7, 23

Fed. R. Civ. P. Rule 12 ...................................................................................................... 7, 22

I.      FACTUAL BACKGROUND

Plaintiff Restem alleges it previously worked with Defendant Jacob Miguel, through a company called Eternus Biosciences, LLC, to distribute products made of the GSM Composition referenced in the Complaint. (ECF 1, ¶16). Through this alleged relationship, Plaintiff vaguely alleges it disclosed to Defendant Miguel some unspecified confidential information, broadly describing such to consist of "information about manufacturing processes, information about product testing, and other confidential business information" (the alleged "Confidential Information"). (ECF 1, ¶17). Although Plaintiff does not cite to, or attach, *any documents* tending to corroborate the alleged "confidential" relationship, Plaintiff alleges that "by nature of the information shared and the relationship between the parties," Miguel knew that he had a duty to maintain the alleged confidentiality of Plaintiff's so-called Confidential Information. (ECF 1, ¶18). The Complaint alleges that Defendant Miguel's duty of confidentiality "arose from obligations both expressly stated and implied by Restem," (ECF 1, ¶28 and 45), but, again, no documents are cited to support such an assertion of an "express" agreement. The Complaint further alleges that Defendants Neuvian and Bouhadir knew about Defendant Miguel's alleged duty of confidentiality owed to Plaintiff and coordinated with Miguel to "wrongfully disclose[], misuse[], and [] otherwise misappropriate[]" Plaintiff's Confidential Information. *Id.*

Plaintiff also alleges that it took reasonable steps to ensure that Miguel was aware of the "proprietary and sensitive nature of the Confidential Information." (ECF 1, ¶19). To this point, Plaintiff *generally* claims the reasonable security measures it took (*at some unspecified time*) to ensure its Confidential Information's secrecy was to instruct individuals to keep the information confidential, restrict access to the information, and require individuals or companies to enter into confidentiality agreements. (ECF 1, ¶24 and 43). Again, no documents were referenced or cited to corroborate *any* of these claims. Nevertheless, Plaintiff alleges that its Confidential Information

somehow constitutes trade secrets, but pointedly omits factual allegations sufficiently particular to describe the information itself, that allegedly constitutes a trade secret.

As will be described in further detail below, the foregoing broad stroke vague assertions of confidentiality and the existence of trade secrets stops fatally short of satisfying the fundamental pleading requirements necessary to state a claim upon which relief can be granted. Simply put, Plaintiff's Complaint falls glaringly short of the pleading standard required, even for the low bar required at the motion to dismiss stage. Knowing its Complaint was egregiously deficient of factual and legal support, Plaintiff still filed the instant lawsuit for trade secret misappropriation under federal (Count I) and Florida law (Count II), correction of inventorship (Count III), declaratory judgment of patent ownership (Count IV), and false advertising (Count V). Plaintiff's bad faith basis for filing this frivolous lawsuit is discussed in further detail in Defendants' Rule 11 Motion for Sanctions. (ECF 25).

## II.  LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Purple Innovation, LLC v. Individuals, Corps., et. al.*, No. 1:24-CV-21362, 2024 WL 4652095 at *3 (S.D. Fla. Oct. 22, 2024) (citation omitted). Rule 8 of the Federal Rules of Civil Procedure requires that complaints contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Even though a complaint does not need to include detailed factual allegations, it does "require[] more than labels and [legal] conclusions, and a formulaic recitation of the elements of a cause of action…" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Moreover,

> [a]lthough it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F. 3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F. 3d 1252, 1260 (11th Cir. 2009), abrogated on other grounds by *Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2 (2012). The Eleventh Circuit uses "a 'two-pronged approach' in applying [the above] principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F. 3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).  Against the foregoing backdrop, the instant Complaint must be dismissed.

### III.   PLAINTIFF'S COMPLAINT FAILS TO STATE A CLAIM FOR TRADE SECRET MISAPPROPRIATION

To state a claim under the Defend Trade Secret Act ("DTSA"), a plaintiff must plausibly allege that (i) the plaintiff "possessed information of independent economic value;" (ii) the plaintiff lawfully owned the trade secrets; (iii) the plaintiff took reasonable steps to protect such trade secrets; (iv) the defendant had a duty to maintain the trade secrets' confidentiality, and (v) the defendant breached that duty by using or disclosing the trade secret.  *Sentry Data Sys., Inc. v. CVS Health*, 361 F. Supp. 3d 1279, 1293 (S.D. Fla. 2018).

Similarly, to state a claim under the Florida Uniform Trade Secret Act ("FUTSA"), a plaintiff must plausibly allege that (i) it possessed a 'trade secret,' and took reasonable steps to protect its secrecy, and (ii) the trade secret was misappropriated either by someone who knew or had reason to know that the secret was improperly obtained, or by someone who used improper

means, themselves, to obtain the secret. *Source One Fin. Servs., LLC v. Corpodian*, No. 0:23-CV-61794, 2024 WL 4441804 at *3 (S.D. Fla. Oct. 8, 2024).

The Eleventh Circuit has acknowledged the near-identical elements of the DTSA and FUTSA and, consequently, several courts have considered both claims together in a single analysis. *See, Compulife Software, Inc. v. Newman*, 959 F. 3d 1288, 1311 n.13 (11th Cir. 2020); *see also, Lupin Atlantis Holdings SA v. Zeng*, No. 23-61621-CIV, 2024 WL 4491993 at *3 (S.D. Fla. Oct. 15, 2024) (considering DTSA and FUTSA claims together due to claims' parallel requirements). The instant Motion, thus, addresses both claims in tandem.

### A. *Plaintiff's Complaint fails to sufficiently describe the confidential information it alleges to be a 'trade secret.'*

"Florida courts...have said that the plaintiff is required to identify with reasonable particularity the trade secrets at issue before proceeding with discovery." *VVIG, Inc. v. Alvarez*, No. 18-23109-CIV, 2019 WL 5063441 (S.D. Fla. Oct. 9, 2019) (citing DynCorp Int'l v. AAR Airlift Grp., Inc., 664 F. App'x 844, 848 (11th Cir. 2016) (internal quotation marks and citations omitted)). "However, to satisfy this requirement at the dismissal stage in federal court, the plaintiff need only allege sufficient facts to plausibly show a trade secret was involved and to give the defendant **notice of the material it claims constituted a trade secret**." *DynCorp*, 664 F. App'x 844 (citing Twombly, 550 U.S. at 555–56; other citation omitted) (emphasis added). Nevertheless, to state claim for trade secret misappropriation with "sufficient particularity" the plaintiff must do **more** than simply "identify broad categories of information, such as financial and technical data." *Id.* at 849 (emphasis added). And, to be clear, coupling specific terms together within a "sweeping" category is insufficient to state a trade secret misappropriation claim because "doing so fails to notify [the] [defendant] *which* trade secret or secrets they allegedly misappropriated." *VVIG*, 2019 WL 5063441 at *4 (citing *Taxinet, Corp. v. Leon*, No. 16-24266-CIV, 2018 WL 3405243, at *3

(S.D. Fla. July 12, 2018) (dismissing trade secret misappropriation claims for failure to state a claim because the plaintiff failed to describe the confidential information it alleged to be trade secrets with sufficient particularity)).

In *Taxinet,* for example, the plaintiff filed a lawsuit claiming trade secret misappropriation under the FUTSA. 2018 WL 3405243 at *1. The plaintiff alleged that the parties agreed to form a foreign corporation through which they would contract with the foreign government to provide a mobile phone application for hailing taxi cabs. *Id.* The plaintiff alleged that the defendant acquired "confidential business information, processes, techniques, software applications, and business characteristics, including present, future, and proposed services, and business model" during the venture, and then misappropriated such confidential information. *Id.* Notably, the plaintiff's complaint also contained additional allegations naming terms within its business model, "including its Taximeter, GPS Navigation System, a Tracking System with a panic button, a Payment Gateway for credit cards, and a future booking system." *Id.* at *3. Nevertheless, the court found these allegations to indicate only "broad categories of information" and found that the plaintiff failed to identify in its complaint which of its alleged trade secrets were allegedly misappropriated by the defendant. *Id.* The court ultimately dismissed the plaintiff's misappropriation claim for failure to state a claim because the plaintiff failed to describe its trade secrets with sufficient particularity. *Id.* at *7.

Similarly in the present case, Plaintiff does not describe its trade secrets with the 'sufficient particularity' required, even with the lower threshold required at the motion to dismiss stage. Instead, other than the blanket assertions that its "Confidential Information constitutes trade secrets," (ECF 1, ¶ 25), and the suggestion that such information should be considered "a 'trade secret' pursuant to Florida Statutes §688.002(4)," (ECF 1, ¶ 44), Plaintiff merely alleges that its

supposed trade secrets are comprised of its 'Confidential Information,' and broadly alleges as follows in the Complaint:

> 17.    RESTEM also worked with Eternus on the possible distribution of the GSM Product.  Eternus and Miguel received through, among other means, conversations, written correspondence, and email correspondences, and scientific descriptions and summaries, valuable and proprietary information from RESTEM about the GSM Product in connection with this work, including but not limited to trade secrets, information about manufacturing processes, information about product testing, and other confidential business information (collectively, the "Confidential Information").  This Confidential Information was disclosed to

(ECF 1, ¶17). Akin to the deficient pleading in *Taxinet,* Plaintiff's descriptions of its trade secrets here are extremely scarce as they only describe broad categories of alleged confidential information. Indeed, of the broad components Plaintiff alleges to be trade secrets, all are ultimately described as different types, or **categories**, of information. *See*, *id.* ("*information* about manufacturing processes, *information* about product testing, and other [unnamed] confidential business *information*"). Such broad strokes are insufficient to withstand challenge.

Indeed, Florida courts have routinely granted motions to dismiss trade secret misappropriation claims when the plaintiff alleges only 'broad categories of information' instead of describing its alleged trade secrets with "sufficient particularity." *See*, e.g., *Decurtis LLC v. Carnival Corp.,* No. 20-22945-CIV, 2021 WL 1968327 at *8 (S.D. Fla. Jan. 6, 2021) (citation omitted) (dismissing both DTSA an FUTSA claims for failure to state a claim because the plaintiff failed to describe its trade secrets with sufficient particularity and reasoning that the plaintiff's descriptions of its trade secrets failed to give the defendant notice of the alleged trade secret violation because it alleged only labeled categories of different types of information); *see also*,

*Am. Registry, LLC v. Hanaw*, No. 2:13-CV-352-FTM-29, 2013 WL 6332971 at *3-4 (M.D. Fla. Dec. 5, 2013) (dismissing trade secret misappropriation claim because plaintiff's description of its trade secrets was "…so broad as to be meaningless," noting that "[t]he plaintiff…is still required to provide 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" (citation omitted)).

Accordingly, this Court should likewise dismiss Plaintiff's trade secret misappropriation claims. Plaintiff has simply failed to describe its trade secrets with sufficient particularity so as to put Defendants on notice as to **which** trade secrets, *specifically*, they are alleged to have misappropriated. *See generally VVIG,* 2019 WL 5063441 at *4 (dismissing counter-plaintiff's trade secret misappropriation claim for failure to state a claim because the plaintiff failed to describe their alleged trade secrets with sufficient particularity); *see also Levenger Co. v. Feldman*, 516 F. Supp. 2d 1272, 1287 (S.D. Fla. 2007) (dismissing trade secret misappropriation claim for failure to state a claim because the plaintiff did not describe the alleged trade secrets with sufficient particularity when it only generally described the alleged trade secret). Such claims should be dismissed.

### B.    *Plaintiff's Complaint fails to accompany its conclusory allegations made "upon information and belief" with sufficiently-plausible factual support.*

Allegations based solely on "information and belief" are insufficient to withstand a motion to dismiss unless they are accompanied by supporting facts that make the claim plausible. *Source One*, 2024 WL 4441804 at *3-4. In *Source One*, for example, the plaintiffs filed a lawsuit against its former employee and that employee's new employer, alleging three claims of trade secret misappropriation under both the DTSA and FUTSA. 2024 WL 4441804 at *1. The plaintiffs alleged that the former employee misappropriated the plaintiffs' confidential information prior to being terminated, and that such confidential information could afford the former employee

and her new employer a competitive advantage over the plaintiffs, as direct competitors. *Id.* However, the court ultimately dismissed all three claims for the same reason: "Plaintiffs' allegations as to [the defendant employer] are so bereft of information that they cannot amount to misappropriation claims…" *Id.* at *3. Specifically, the court found that while the plaintiffs alleged that the defendant employee had access to the trade secrets, they failed to allege sufficient facts showing *how* the trade secrets, through the actions of the defendant employee, were misappropriated by the defendant employer. *Id.*

The court reasoned that the plaintiff primarily relied on allegations made "'upon information and belief' that [the defendant employer] used or benefited from the alleged misappropriated information but fail[ed] to provide concrete factual support for any of these allegations." *Id.* The court held such allegations made "upon information and belief" to be insufficient to withstand a motion to dismiss unless supported by "concrete" factual allegations that make the claim plausible. *Id.* (citing *Scott v. Experian Info. Sols., Inc.*, No. 18-cv-60178, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018)) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to meet the *Twombly* standard.") (citations omitted).

In the case *sub judice* the Plaintiff similarly relied "upon information and belief," rather than facts to support their misappropriation claims. Indeed, Plaintiff relies on such "information and belief" a total of twenty-six (26) times throughout its Complaint, and makes only the following conclusory allegations as to Defendants' allegedly misappropriating conduct:

28.  For  example,  upon  information  and  belief,  Miguel,  without RESTEM's  consent,  disclosed  to  and  otherwise  used  RESTEM's  Confidential Information with Neuvian and Bouhadir in furtherance of the application for the '036 Patent.  At the time of disclosure and use, Miguel knew, or had reason to

45.  For  example,  upon  information  and  belief,  Miguel,  without RESTEM's  consent,  disclosed  to  and  otherwise  used  RESTEM's  Confidential Information with Neuvian and Bouhadir in furtherance of the application for the '036 Patent.  At the time of disclosure and use, Miguel knew, or had reason to

(ECF 1, ¶¶27 and 45). However, despite labeling these paragraphs as examples, Plaintiff fails to allege *how exactly* Defendant Miguel "disclosed [] and otherwise used" Plaintiff's supposed confidential information. Plaintiff's Complaint is replete with similar conclusory allegations based solely 'upon information and belief' and similarly lacking factual support that would make Plaintiff's claims plausible. Simply put, Plaintiff's Complaint fails to allege "when, how, or in what manner" Defendants allegedly misappropriated any of Plaintiff's alleged trade secrets and, thus, Plaintiff fails to state a claim for misappropriation under either the DTSA or the FUTSA. *Source One*, 2024 WL 4441804 at *3 (dismissing both DTSA and FUTSA for failure to state a claim because the plaintiffs failed to sufficiently plead that the defendants' actions constituted 'misappropriation' when they made conclusory allegations made only "upon information and belief" without any factual support). And, as mentioned, Plaintiff fails to identify in its Complaint what comprises the allegedly misappropriated trade secrets.

Simply put, alleging facts based "on information or belief" without accompanying support

"destroys any [misappropriation] claim." *Id.* (citing *Johnson Matthey Process Techs., Inc. v. Hovey*, No. CV420-322, 2021 WL 5513988, at *5 (S.D. Ga. July 8, 2021)). This Court should accordingly dismiss Plaintiff's DTSA and FUTSA claims for failure to state a claim, because not only does Plaintiff fail to plead sufficient facts alleging exactly when, how, and in what manner its confidential information was misappropriated by Defendants, the conclusory allegations that Plaintiff *does* plead are made only upon "information and belief" without supporting concrete factual allegations. *See, Zike, LLC v. Catalfumo*, No. 12-80236-CIV, 2013 WL 12080225 at *7 (S.D. Fla. Feb. 22, 2013) (dismissing the plaintiff's trade secret misappropriation claim for failure to state a claim because plaintiff failed to plead sufficient facts to establish misappropriation by only asserting conclusory allegations). The claims must be dismissed.

**C.      Plaintiff's misappropriation claims are impermissible shotgun pleadings.**

"The Eleventh Circuit frowns on "shotgun pleading," as it prevents defendants from understanding the nature of their alleged wrongdoing, thereby preventing them from forming reasonable responses to the allegations." *Zike*, 2013 WL 12080225 at *3. Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff provide, in its complaint, fair notice of the grounds for the claims made therein against **each** of the defendants. *Id.* (citing *Lane v. Capital Acquisitions & Mgmt. Co.,* No. 04–60602–CIV–MARRA, 2006 WL 4590705, *5 (S.D. Fla. April 14, 2006) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the Lane's Complaint fails to satisfy the minimum standard of Rule 8.")) (emphasis added). To sufficiently plead a claim for trade secret misappropriation against multiple defendants, a plaintiff must allege factual contentions explaining how **each** defendant misappropriated the trade secrets at issue. *Living Color Enterprises, Inc. v. New Era Aquaculture, Ltd.*, No. 14-62216-CIV, 2015 WL 1526177 at *9 (S.D. Fla. Apr. 3, 2015) (citing *Court Appointed Receiver of Lancer Offshore, Inc. v. Citco Group Ltd.,* No. 05–60080–CIV, 2011 WL 1233126 at

* 2 (S.D. Fla. Mar. 30, 2011)).

For example, in *Living Color*, the plaintiff became the exclusive distributor for the defendant manufacturer's food products. *Id.* at *1. The defendant manufacturer "relinquished" its trademark rights in its brand name for the plaintiff's use. *Id.* The plaintiff subsequently hired two individuals to further develop the defendant manufacturer's brand and products on behalf of the plaintiff. *Id.* at *2. The plaintiff brought forth trade secret misappropriation claims against the defendant manufacturer and the defendant individuals, alleging a plan amongst the defendants to divest the plaintiff of its trade secrets, among other things. *Id.* *2. However, the court ultimately dismissed the misappropriation claim because the plaintiff violated Rule 8 of the Federal Rules of Civil Procedure when it 'lumped' together the multiple defendants by failing to allege how ***each*** of the multiple defendants misappropriated the trade secrets at issue. *Id.* (citing *Lancer Offshore*, 2011 WL 1233126 at * 2) ("This lumping technique 'creates confusion and make the analysis of the complaint unnecessarily burdensome,' and results in ... making accusations that are 'just not accurate.'" (emphasis added). The same result must occur here.

In this case, Plaintiff fails to differentiate between the three Defendants to specifically delineate with particularity ***each*** Defendant's alleged misconduct and how that conduct caused any misappropriation. While the Complaint alleges that Defendant Miguel misappropriated Plaintiff's confidential information through his work with Eternus, it stops short of alleging any other pertinent detail. For instance, the Complaint does not describe the work Miguel did with Restem, how Miguel allegedly gained access to the alleged trade secrets, what confidentiality requirements Miguel was allegedly bound to, what duty of nondisclosure Miguel allegedly owed to Restem, ***nor*** how Defendants Neuvian and Bouhadir had any knowledge thereof, just to name a few examples. The Complaint merely alleges that Spencer Bouhadir and Nuevian "knew" that Defendant Miguel

16

was under some unspecified alleged duty of nondisclosure and somehow "knew" that Plaintiff considered the information to be confidential (ECF 1, ¶¶ 29 and 46). Plaintiff, however, fails to state *how* either Neuvian or Spencer Bouhadir "knew" that Defendant Miguel was under any alleged duty of nondisclosure of the Confidential Information, <u>*let alone what the Confidential Information consisted of in the first place*</u>. And, as to ***all three Defendants***, Plaintiff alleges the following:

> 30.    Nevertheless, on information and belief, Defendants Miguel, Bouhadir, and Neuvian used and/or disclosed RESTEM's Confidential Information for their own benefit of Defendants. On information and belief, this

> 47.    Nevertheless, on information and belief, Defendants Miguel, Bouhadir, and Neuvian used and/or disclosed RESTEM's Confidential Information for their own benefit of Defendants. On information and belief, this

(ECF 1, ¶¶ 30 and 47). Such allegations fail to give each Defendant notice of its respective and specifically alleged misconduct because they do not explain what conduct, by <u>*each*</u> Defendant, constitutes that particular Defendant's "use and/or disclosure" of Plaintiff's alleged confidential information.

Just as the court in *Living Color* dismissed the plaintiff's claims for impermissibly "lumping" together the defendants by failing to allege how each of the defendants' actions constituted misappropriation of the plaintiff's trade secrets, this Court should likewise dismiss Plaintiff's misappropriation claims as a shotgun pleading. Simply put, Plaintiff's pleading is wholly deficient as it does not allege ***each*** Defendant's specific conduct, and how such conduct

equates to misappropriation. The claims must be dismissed for these additional reasons.

**IV.     PLAINTIFF FAILS TO STATE A CLAIM FOR CORRECTION OF INVENTORSHIP**

In order for an employer to have standing to sue for correction of inventorship under 35 USC § 256 based on its employee's alleged contributions, the employer must specifically identify the employee's purported contribution or describe the manner in which the employee "worked collaboratively" with the patent's named inventors. *Blackhawk Network Inc. v. SL Card Co. Inc.*, 589 F. Supp. 3d 1115, 1128 (D. Ariz. 2022) (citation omitted) (dismissing employer's claim for correction of inventorship for lack of standing because the employer "[s]imply stating that [its] employees contributed to [the] invention, *without more*, is insufficient to plausibly allege Article III standing." (emphasis added)). The Complaint here does neither, and must be dismissed.

Here, Plaintiff bases its claim for correction of inventorship solely on Rafael Gonzalez's so-called "inventive contributions" to the GSM Composition (ECF 1, ¶59). Aside from the conclusory suggestion of "inventive contributions," however, Plaintiff's Complaint fails to specify what, exactly, Gonzalez allegedly contributed to regarding the conception, development, or reduction to practice of the invention claimed within the '036 Patent, nor does it even describe the manner by which Gonzalez allegedly "jointly conceived," with Defendant Miguel, any of the subject matter claimed within the '036 Patent. (ECF 1, ¶58). As the *Blackhawk* court dismissed the correction of inventorship claim for failure to state a claim, this Court should likewise dismiss Plaintiff's claim for correction of inventorship because the instant Complaint fails to allege the specific contributions allegedly made by Gonzalez, on which the Plaintiff bases its patent claims. *See also, Illumina, Inc. v. Guardant Health, Inc*., No. CV 22-334-GBW-CJB, 2023 WL 1407716 (D. Del. Jan. 31, 2023) (citation omitted) (granting motion to dismiss employer's correction of inventorship claim for failure to state a claim because plaintiff failed to plead sufficient factual allegations of its employee's alleged contribution to the patent at issue).

Plaintiff's claim for declaratory judgement of patent ownership is likewise based on the single conclusory allegation that Gonzalez made "inventive contributions" to the subject matter of the '036 Patent while employed at Restem. (ECF 1, ¶68). This Court should likewise dismiss Plaintiff's claim for declaratory judgment of patent ownership for failure to state a claim, as Plaintiff failed to allege the specific contributions supposedly made by Gonzalez that would arguably afford Plaintiff the patent ownership rights it seeks.

**V.      PLAINTIFF FAILS TO STATE A CLAIM FOR FALSE ADVERTISING**

The elements of a false-advertising claim under the Lanham Act are: "(1) the defendant's statements were false or misleading; (2) the statements deceived, or had the capacity to deceive, consumers; (3) the deception had a material effect on the consumers' purchasing decision; (4) the misrepresented service affects interstate commerce; and (5) the plaintiff has been, or likely will be, injured as a result of the false or misleading statement." *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1196 (11th Cir. 2018). Moreover, to "invoke the Lanham Act's cause of action of false advertising, a plaintiff must plead (and ultimately prove) an injury to a commercial interest in sales or business reputation proximately caused by the defendant's misrepresentations." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 140 (2014).

Here, as explained in detail below, Plaintiff's claim for false advertisement falls woefully short of being "well pled." Specifically, Plaintiff's complaint fatally suffers because it fails to describe Defendants' alleged misrepresentations, and further fails to show how any alleged misrepresentation(s) had a material effect on any customer's purchasing decision.

### A.      *Plaintiff Fails to Identify the Allegedly False Advertisement*

"The Lanham Act prescribes liability only for false 'commercial advertising or promotion.'" *Diamond Resorts Int'l, Inc. v. Aaronson*, No. 617CV1394ORL37DCI, 2018 WL 735627, at *2 (M.D. Fla. Jan. 26, 2018) (citing 15 U.S.C. § 1125 (a)(1)(B)). The clear requirement, therefore, in order to sustain such a claim is that the pleader must identify the "commercial advertisement or promotion" at issue. Here, however, the Complaint is bereft of any allegation identifying the complained of commercial advertisement and promotion. Indeed, Plaintiff's count for false advertising fails to reveal a singular allegation as to what alleged misrepresentations were, or to whom (or how) they were made. Rather, Plaintiff offers only the following conclusory allegations to support its claim:

> 74.    On information and belief, Defendants have knowingly and intentionally misrepresented to third parties, including Plaintiff's partners, customers, and competitors in the marketplace, that they are the sole and rightful inventors of the GSM Product and the subject matter of the '036 Patent and that, as a result, purchasers should purchase goods and services from Defendants rather than Plaintiff.

(ECF 1, ¶74). The foregoing conclusory allegation fails to bring any clarity to what "commercial advertisement or promotion" was made by any of the Defendants, and, thus precludes Defendants and this Court from analyzing whether a justiciable false advertising claim under the Lanham Act exists. Such an omission fails to satisfy the notice-pleading requirement that gives Defendants the notice and opportunity to understand and rebut Plaintiff's allegations of Defendants' purported wrongdoing. As alluded to throughout the instant Motion, not only does Plaintiff fail to describe the alleged false advertisement itself, it also failed to allege when Defendants supposedly published the false advertisement, to whom it was advertised, and how that alleged false

advertisement materially affected *any* customers' decision to purchase *anything* from the Plaintiff.

This Court should, therefore, dismiss Plaintiff's false advertising claim on the fundamental basis that the Complaint fails to identify the basic requirement of defining Defendants' alleged false advertisement(s) with clarity. *See Epson Am., Inc. v. Safe Space Scan Tech. LLC*, No. 24-CV-80583, 2024 WL 4555880 at *4-5 (S.D. Fla. Sept. 13, 2024), *report and recommendation adopted,* No. 24-CV-80583, 2024 WL 4554104 (S.D. Fla. Oct. 23, 2024) (dismissing plaintiff's false advertising claims for failure to identify the defendant's allegedly false statements which resulted in the plaintiff's failure to "sufficiently put [the defendant] on notice of the "precise misconduct with which [it] is charged."); *see also*, *BHRS Grp., LLC v. Brio Water Tech., Inc.*, 553 F. Supp. 3d 793, 801 (C.D. Cal. 2021) (dismissing false advertising claims under Lanham Act for failure to identify the allegedly false advertisements ***made by the defendant***). Absent dismissal, Defendants will be left guessing at what is being alleged.

**B.**     ***Plaintiff Fails to Plead Sufficiently Plausible Facts to Show that Defendants' Allegedly False Advertisements Materially Affected a Customer's Purchasing Decision***

Plaintiff's false advertising claim also fails because it does not plead that Defendants' alleged "deception had a material effect on [any] consumers' purchasing decision." *Hi-Tech*, 910 F. 3d 1186. Courts in this circuit have routinely dismissed false advertising claims for such deficiencies. *See, Wesley Fin. Grp., LLC v. Westgate Resorts, Ltd.*, 746 F. Supp. 3d 1342, 1351 (M.D. Fla. 2024) (dismissing false advertisement claim under Lanham Act for failure to state a claim because the plaintiff failed to sufficiently plead that the defendant's alleged misrepresentation influenced customers to withhold trade); *see also Duty Free Americas, Inc. v. Estee Lauder Companies, Inc.*, 797 F. 3d 1248, 1278-79 (11th Cir. 2015) (dismissing false advertising claims for failure to state a claim because the plaintiff failed to plead sufficient facts to show how the defendant's alleged false advertising had a material effect on any customer's

purchasing decision).

This Court should likewise dismiss the Plaintiff's false advertising claim for failure to state a claim because Plaintiff failed to plead sufficient facts alleging that Defendants' purported misrepresentations had a 'material affect' on any customer's decision whether to purchase goods or services from Plaintiff.

**WHEREFORE**, for all the foregoing reasons, Defendants, Neuvian LLC, Jacob Miguel, and Spencer Bouhadir by and through the undersigned counsel, hereby request that this Court enter an Order dismissing all five of Plaintiff's claims with prejudice, under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), jointly and severally requiring the remuneration of all fees and costs incurred in having to defend against the claims in this litigation (including those incurred in the preparation, filing and pursuit of the instant Motion), enter an order for Sanctions against Plaintiff Restem, its corporate officers Brian Pla and Rafael Gonzalez, its attorneys, and their law firms for filing such a frivolous lawsuit pursuant to Rule 11 of the Federal Rules of Civil Procedure, and for such further and additional relief this Court deems just and proper under the circumstances.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on **April 2, 2025** I electronically filed the foregoing with the

Clerk of the Court using CM/ECF, and certify that the foregoing document was served in said

manner on all counsel of record on the following Service List via transmission of Notices of

Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel

or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: <u>/s/ Alexander D. Brown</u>
     Alexander D. Brown, Esq.
     Florida Bar No. 752665
     **CONCEPT LAW GROUP, P.A.**

## <u>SERVICE LIST</u>

Kenneth G. Parker, Esq.
David B. Clark, Esq.
Daniel Lammie, Esq.
**HAYNES AND BOONE, LLP**
600 Anton Blvd., Suite 700
Costa Mesa, California 92626
ken.parker@haynesboone.com
david.clark@haynesboone.com
daniel.lammie@haynesboone.com

and

Kevin C. Kaplan, Esq.
Amanda M. Comas, Esq.
**COFFEY BURLINGTON, P.L.**
2601 South Bayshore Drive
Miami, Florida 33133
kkaplan@coffeyburlington.com
acomas@coffeyburlington.com
groque@coffeyburlington.com

*Attorneys for Plaintiff*