UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-CV-20229-LEIBOWITZ/AUGUSTIN-BIRCH

RESTEM, LLC,

    Plaintiff,

v.

NEUVIAN LLC, JACOB MIGUEL, and
SPENCER BOUHADIR,

    Defendants.

_____

CASE NO. 1:25-CV-20230-LEIBOWITZ/AUGUSTIN-BIRCH

CONGELA BIOCOSMETICS, LLC,

    Plaintiff,

v.

CIM HOLDINGS GROUP, LLC and
JACOB MIGUEL,

    Defendants.
_____/

**OMNIBUS ORDER GRANTING IN PART AND
DENYING IN PART ALL PENDING DISCOVERY MOTIONS**

These two, related matters come before the Court on six discovery motions. There are three discovery motions pending in *Restem, LLC v. Neuvian LLC*, 1:25-CV-20229 ("the *Restem* case"): Restem, LLC's ("Restem") Motion to Compel Discovery briefed at docket entries 45, 52, and 56; Neuvian LLC's ("Neuvian") Motion to Compel Discovery Responses briefed at docket

entries 46, 49, and 55; and Neuvian's Motion to Compel briefed at docket entries 63, 67, and 69. There are also three discovery motions pending in *Congela Biocosmetics, LLC v. CIM Holdings Group, LLC*, 1:25-CV-20230 ("the *Congela* case"): Congela Biocosmetics, LLC's ("Congela Biocosmetics") Motion to Compel Discovery briefed at docket entries 51, 58, and 60; CIM Holdings Group, LLC's ("CIM Holdings") Motion to Compel Discovery Responses briefed at docket entries 52, 55, and 61; and CIM Holdings' Motion to Compel briefed at docket entries 69, 72, and 74.

The Court set a discovery hearing in both cases for August 4, 2025, at 2:00 p.m. However, upon review of the parties' briefing, the Court concludes that all of the discovery responses that the discovery motions put at issue must be amended. The Court therefore **CANCELS** the August 4 hearing. All six of the discovery motions are **GRANTED IN PART AND DENIED IN PART** as follows:

All parties must review and amend all written discovery responses in light of this Order. The parties must re-serve their amended discovery responses together with responsive material **within 14 days of the date of this Order**.

All objections must comply with Local Rule 26.1(e) and the Order Setting Discovery Procedures. Nonspecific, boilerplate objections and formulaic objections followed by answers are prohibited. General objections that are untied to a particular discovery request, including objections to definitions, are also prohibited. The parties are directed to work through any remaining vagueness objections among themselves. Any remaining burdensomeness objections must be supported with specific information in the form of an affidavit that demonstrates the burden.

All objections based on a privilege or protection must comply with Federal Rule of Civil Procedure 26(b)(5), Local Rule 26.1(e), and the Order Setting Discovery Procedures, including the requirement to identify the nature of the privilege or protection being asserted. The parties may make privilege and protection objections only if they actually are withholding responsive material based on a privilege or protection. The parties may not make privilege or protection objections as "placeholders" in the event that a privilege or protection might apply. A party must serve a privilege log **within 14 days** of service of the amended discovery response to which the privilege log applies.

All objections to producing material simply because it is confidential, such as an objection that responsive material includes a trade secret, are overruled. Confidentiality is not itself a basis to withhold discovery. *See Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 692 (S.D. Fla. 2011) ("It is well settled that there is no absolute privilege for trade secrets or other confidential information." (quotation marks omitted)); *Kaye v. Fountaine Pajot, S.A.*, No. 07-61284-CIV, 2008 WL 11422469, at *3 n.4 (S.D. Fla. Jan. 7, 2008) (noting that "it is well settled that confidentiality does not act as a bar to discovery and is generally not grounds to withhold documents from discovery" (quotation marks omitted)). Protective Orders governing the production of confidential material are in place in both cases.

All objections that responsive material is publicly available or equally available to the requesting party are overruled as meritless. *See Basulto v. Netflix, Inc.*, No. 22-21796-CIV, 2023 WL 3197655, at *17 n.10 (S.D. Fla. May 2, 2023) ("But Netflix will not be able to avoid providing 30(b)(6) testimony about facts merely because the information is in the public domain. Discovery is routinely permitted over objections that the requested information is in the public domain and that the propounding party can simply access the materials itself."); *Ochoa v. Empresas ICA,*

*S.A.B. de C.V.*, No. 11-23898-CIV, 2012 WL 3260324, at *5 (S.D. Fla. Aug. 8, 2012) ("Whether the documents are available to Plaintiffs through due diligence does not control whether Topete should be compelled to produce them.").

In the *Restem* case, any relevancy, disproportionality, overbreadth, and burdensomeness objections to providing answers or material that goes to the inventorship of the patented product and to communications about the patent and product, including communications with the United States Patent and Trademark Office, are overruled (Restem's First Set of Interrogatories directed toward Neuvian #'s 3, 6, and 12; Restem's First Set of Interrogatories directed toward Miguel #'s 3–4; Restem's First Set of Interrogatories directed toward Bouhadir #'s 3–5; Restem's First Set of Requests for Production directed toward Neuvian #'s 35 and 50; Restem's First Set of Requests for Production directed toward Miguel and Bouhadir # 35). *See Restem* case DE 45-1 at 12, 17, 26; DE 45-2 at 10–11; DE 45-3 at 10–12; DE 45-4 at 44–45, 58; DE 45-5 at 47–48; DE 45-6 at 47.  Such answers and material are relevant to Restem's claims and are proportional to the needs of this case.  Further, any relevancy objections to providing answers or material that goes to profits from the patented product are overruled (Restem's First Set of Requests for Production directed toward Miguel and Bouhadir #'s 53–54).  *See Restem* case DE 45-5 at 64–66; DE 45-6 at 66–67.  Such answers and material are relevant to Restem's damages.

In the *Congela* case, any relevancy objections to providing answers or material that goes to profits from the JuveOX trademark are overruled (Congela Biocosmetics' First Set of Requests for Production #'s 16 and 37–38 and First Set of Interrogatories #'s 4–8).  *See Congela* case DE 51-1 at 31, 64–66; DE 51-2 at 28, 56–57; DE 51-3 at 13–29.  Such answers and material are relevant to Congela Biocosmetics' damages.

In both cases, overbreadth objections to producing "all communications" between various entities and individuals are sustained (Congela Biocosmetics' First Set of Requests for Production #'s 24–27; Restem's First Set of Requests for Production directed toward Miguel #'s 26 and 28; Restem's First Set of Requests for Production directed toward Bouhadir # 27). *See Congela* case DE 51-1 at 44–49; DE 51-2 at 39–43; *Restem* case DE 45-5 at 38–40; DE 45-6 at 38. Congela Biocosmetics and Restem may serve narrowed requests that specify the subject matter of the communications they seek. At this juncture, the Court will not strike or deem waived any objections due to a procedural deficiency, such as that responses were served one day late, that responses violate the Order Setting Discovery Procedures, or that a privilege log has not been served to date. However, any violation of a rule or Order in the future may result in an objection being stricken or deemed waived.

In each party's amended discovery responses, all responses and supplemental responses to a request must be consolidated so that there is a single response or answer to each request and interrogatory. Withdrawn objections must be removed. Each response to a request for production, as well as each interrogatory answer that references documents, must cite the documents at issue by Bates number. A party must ensure that each cited document is responsive to the request and may not simply cite a range of dozens, hundreds, or thousands of documents that may or may not be responsive. In light of the requirement for the parties to amend their discovery responses, the Court will not determine at this juncture whether any party has appropriately broken an interrogatory answer into subparts.

The parties must produce responsive material that is within their possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1) (permitting a party to serve a request for the production of "items in the responding party's possession, custody, or control"); *Searock v. Stripling*, 736 F.2d

650, 653 (11th Cir. 1984) ("Under Fed. R. Civ. P. 34, control is the test with regard to the production of documents. Control is defined not only as possession, but as the legal right to obtain the documents requested upon demand."). If a party has no responsive material within its possession, custody, or control, the response must state such. A party may not object that it has no responsive material within its possession custody, or control, as that is a wholly unnecessary objection. The Court reminds the parties of the requirement of a notice of completion under Local Rule 26.1(e)(7) as well as of their obligation to supplement or correct a discovery response under Federal Rule of Civil Procedure 26(e)(1).

Federal Rule of Civil Procedure 26(g)(1) provides for sanctions if a discovery request, response, or objection is imposed for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. If a party objects to a discovery request while simultaneously making its own request seeking the same information, that practice violates Rule 26(g)(1) and is a ground for sanctions. If a party responds to a request with material that is unresponsive to the request, that too violates Rule 26(g)(1) and is a ground for sanctions.

The Court reminds the parties of the deadlines under Local Rule 26.1(g)(2) to bring a discovery dispute to the Court. A party's statement in briefing that it "reserves the right" to bring a dispute in the future does not alter these deadlines. The Court is not denying any of the discovery motions as untimely at this juncture, but in the future the parties must be mindful of the deadlines and of the requirement to schedule a discovery hearing **before** filing a discovery motion. Any future discovery hearings in these two cases will be conducted **in person** at the Fort Lauderdale Federal Courthouse.

The Court reminds the parties of the briefing page limitations for discovery motions under the Order Setting Discovery Procedures. The parties must use their limited pages to present their

legal arguments and the facts and legal authority supporting those arguments. The parties may not use briefing space to make comments about an opposing party or counsel that are unnecessary for the resolution of the legal arguments. Finally, all requests for awards of sanctions, fees, or expenses are denied.

      **DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 1st day of August, 2025.

                                              PANAYOTTA AUGUSTIN-BIRCH
                                              UNITED STATES MAGISTRATE JUDGE